UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN ALVAREZ-RODRIGUEZ,<br><br>Defendant. | 2:06-CR-00155-PMP-GWF<br>2:11-CV-01723-PMP<br><br>ORDER |

Before the Court for consideration is Defendant Martin Alvarez-Rodriguez's fully briefed Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. # 202). Having considered the arguments advanced by the parties and the evidence adduced at the hearing conducted July 12, 2012, the Court finds Defendant's Motion must be granted.

On May 10, 2006, a federal grand jury returned a four-count Indictment charging Alvarez with multiple felony violations involving large quantities of methamphetamine. After substituting two attorneys in quick succession, Alvarez retained Donald Green, Esq. to represent him on November 7, 2006. Substantial pre-trial litigation ensued and two superseding Indictments were returned against Alvarez. In early 2008, Alvarez was clearly not pleased with the way his case was proceeding and twice sought to have Green removed as his counsel. Indeed, in his Response filed April 7, 2008, (Doc. # 98), Green candidly noted the difficulties he had encountered in representing Alvarez. There being no serious issue regarding his guilt, or the strength of the Government's evidence against him, the core issue between Alvarez and his attorney related to the inability of Alvarez to command the

"deal" he thought he should get in return for his plea of guilty.

After his motions to terminate Green's representation were denied by the Court, and on the eve of trial, Alvarez signed a plea memorandum on November 3, 2008 (Doc. #123).  The plea agreement provided for a plea of guilty to Count Three of the Second Superseding  Indictment carrying a prison term of from 20 years to life under 21 U.S.C. §§ 841(a)(1), & (b)(1)(A)(viii), a recommendation for a low guideline sentence by the United States, and withdrawal of one of the predicate felony drug convictions set forth in the Information filed pursuant to 21 U.S.C. § 851, which would which would have been used to enhance Alvarez sentence upon conviction.  However, immediately upon commencing the change of plea proceedings pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Alvarez protested that he had been forced to sign the plea agreement, and that "Twenty years is too much."  An hour of colloquy with Alvarez was basically useless.  He did not want to go to trial, he did not want to plead to anything which would result in a statutorily mandated minimum sentence of 20 years, and he did not want Mr. Green to represent him further.   Alvarez wanted a "deal," but a better deal than the Government was offering.

At considerable length, the Court explained to Alvarez that the case was not going to "go away" and that it was his choice whether to plead guilty under the plea agreement or proceed to trial.  The Court also made clear to Alvarez that if he plead guilty, he faced a minimum sentence of 20 years imprisonment, and that the sentence could be more if he proceeded to trial. The Court further stressed that the mandatory minimum and maximum sentences in his case were fixed by Congress, and that the Court could not predict what his sentence would be without first reviewing a Presentence Report prepared by the U.S. Probation Office which would clarify his prior record of felony convictions. During the Ex Parte portion of the hour long proceeding, it was represented by Mr. Green that in August 2007, Alvarez could have plead guilty to an offense carrying a mandatory

2

minimum of 10 years in prison with the withdrawal of the two predicate felony drug offenses cited in the Governments Section 851 Information.  Alvarez, however, had rejected such an offer complaining that "other guys were getting 63 to 70 months and a lot less time."

At the end of the one hour proceeding with Alvarez and counsel, two things were pellucid.  First, Alvarez would not plead guilty to the plea agreement offered by the Government, but was in no position to compel a better "deal."  Second, Green was prepared to proceed to trial, with the fairly predictable result being a conviction.  Trial proceeded for the next three days and Alvarez was quickly convicted.  On June 9, 2009, this Court sentenced Alvarez to three concurrent terms of life imprisonment on the narcotics counts of conviction, and two concurrent 120-month terms on the firearm counts.  Alvarez timely appealed and his conviction and sentence were affirmed by the United States Court of Appeals for the Ninth Circuit.  How could the result be otherwise!  The evidence of his guilt was overwhelming, and the legal challenges on the merits were feeble.  In this Court's view, no attorney or combination of attorneys could have secured an acquittal at trial, or reversal on appeal.  So why does the Court find merit in Alvarez's Section 2255 Petition?

Because it is apparent to the Court that notwithstanding the many hours spent by everyone involved in this case addressing Defendant's complaints about his counsel and attempts at plea negotiation, and notwithstanding the unrealistic and unreasonable demands of Alvarez, one fundamentally important fact was not clearly addressed by the Court on the record with the Defendant on November 3, 2008, when he  made his fateful decision to reject the "last best" offer of Plaintiff United States, and instead elected to proceed to a trial which amounted to little more than a "slow plea of guilty."   The Court has reviewed repeatedly the transcript of the ultimately aborted change of plea proceedings of November 3, 2008.  Alvarez is reminded many times that he faces a mandatory statutory minimum prison sentence of 20 years under the plea agreement, and also if convicted at trial.

3

However, nowhere during the proceeding is it made clear to Alvarez that if he proceeded to trial on the charges in the Second Superseding Indictment, combined with the Section 851 Information filed by the Government, the consequences of conviction were three mandatory terms of life imprisonment.

In short, each of Defendant's asserted grounds for relief set forth in his Section 2255 Petition are without merit, save one. The Court does not doubt that Alvarez's counsel advised him that if convicted at trial he "could" face a sentence of life imprisonment. The rejected Plea Agreement contained the same admonition. However, the Court finds that the record in this case does not establish that Alvarez was advised clearly by counsel, or by the Court that if convicted at trial of the charges contained in the Second Superseding Indictment with the added force of sentencing enhancement flowing from the Section 851 Information, the prospect of lifetime sentences was no longer a "possibility," it was mandatory. In this regard, defense counsel's representation fell below an objective standard of reasonableness as asserted in Ground One of Defendant's Petition, and such deficient performance prejudiced the Defendant substantially. Moreover, the Court during the Rule 11 Plea proceedings on November 3, 2008, failed to rectify this deficiency, and finds that it must now do so.

///
///
///
///
///
///
///
///
///

IT IS THEREFORE ORDERED that Defendant Alvarez's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #202) is Granted as to Ground One, and is Denied in all other respects. Defendant's sentence is hereby vacated as to the sentences of life imprisonment imposed as to Counts 1, 2 & 3, and the case is hereby rescheduled for further proceedings regarding sentencing for March 4, 2013, at 2:30 p.m. in Courtroom 7C, in the United States District Court, District of Nevada, located at 333 S. Las Vegas Blvd., Las Vegas, Nevada, 89101.

DATED: December 27, 2012

_____
PHILIP M. PRO
United States District Judge